IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS J. PENNAVARIA,
    Plaintiff,

v.                                                        10-cv-0415
                                                     **ELECTRONICALLY FILED**

JOHN R. WALTON, Warden,
Westmoreland County Prison, in his official
and individual capacity;

STEVE CMAR, Deputy of Security,
Westmoreland County Prison, in his official
and individual capacity;

SGT. RICHARD PLANEY, Westmoreland
County Prison, in his official and individual
capacity;

ROBERT BILLER, Correctional Officer,
Westmoreland County Prison,
in his official and individual capacity;

NAPHCARE, INC., Healthcare Provider to
Westmoreland County Prison;

LEE HARRISON, Chief Executive Officer,
NaphCare, Inc., in his official and individual
capacity;

WILLIAM NICHOLSON, Registered Nurse,
Director of Medical Dept. for NaphCare,
Inc., at Westmoreland County Prison, in his
official and individual capacity;

LINDA RIGGIN, LPN, for NaphCare, Inc.,
at Westmoreland County Prison, in her
official and individual capacity;

RHONDA GASKILL, LPN, for NaphCare,
Inc., at Westmoreland County Prison, in her
official and individual capacity,

**MEMORANDUM AND ORDER OF COURT**

Plaintiff Thomas J. Pennavaria, pro se, has filed a Complaint (Doc. No. 3) pursuant to 42 U.S.C. § 1983, alleging that the defendants all engaged in cruel and unusual punishment and deliberate indifference to his medical needs while he was incarcerated at the Westmoreland County Prison, in violation of the Eighth Amendment. Before the Court are four motions to dismiss filed on behalf of the various defendants in this case.

After careful consideration of the motions and briefs in support, and of plaintiff's Memorandum of Law in Support of Plaintiff's Verified Complaint (Doc. No. 31), and after discussion on the record in open court at the Initial Case Management Conference on June 28, 2010, the Court will deny the motion as to NaphCare, Inc., its CEO and its nurses, but will grant the motion to dismiss the claims against the Westmoreland County Prison Warden, officers and employees without prejudice to file an amended complaint against Westmoreland County and these individuals.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Ctr., Inc. v. Armstrong County Mem'l Hosp.*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). See also *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (*Twombly* 's "plausibility" paradigm for evaluating the sufficiency of complaints is not restricted to the antitrust context but is equally applicable in context of civil rights actions and Rule 12(b)(6) review in general), cited with approval in *Wilkerson v. New*

*Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) ("Today, we extend our holding in *Phillips* to the employment discrimination context. The plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination."); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162 (3d Cir. 2008) (*Twombly* paradigm applies in context of breach of contract, negligence, and equitable indemnification action against merchant and against affiliate of bank that processed credit card transactions).

As explained and clarified by the United States Court of Appeals for the Third Circuit in the *Phillips* case:

> In determining how *Twombly* has changed [the Rule 12(b)(6)] standard, we start with what *Twombly* expressly leaves intact. The Supreme Court reaffirmed that Fed.R.Civ.P. 8 " 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' " and that this standard does not require "detailed factual allegations." *Twombly*, 127 S.Ct. at 1964 (quoting *Conley* [*v. Gibson*, 355 U.S. 31, 47 (1957)]. The Supreme Court also reaffirmed that, on a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. See *id*. at 1964-65, 1969 n. 8. The Supreme Court did not address the point about drawing reasonable inferences in favor of the plaintiff, but we do not read its decision to undermine that principle.
>
> . . . First, . . . [t]he Court explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 1965 n. 3. Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " *Id*. at 1966. The Court further explained that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965 & n. 3.
>
> Second, the Supreme Court disavowed certain language that it had used many times before -- the "no set of facts" language from *Conley*. See *id*. at 1968. It is clear that the "no set of facts" language may no longer be used as part of the

Rule 12(b)(6) standard. As the Court instructed, "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. We find that these two aspects of the decision are intended to apply to the Rule 12(b)(6) standard in general. . . .

. . . [T]he *Twombly* decision focuses our attention on the "context" of the required short, plain statement. Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. Indeed . . . , we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8. . . . Put another way, in light of *Twombly*, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. See *Twombly*, 127 S.Ct. at 1965 n. 3.

. . . The second important concept we take from the *Twombly* opinion is the rejection of *Conley*'s "no set of facts" language. The *Conley* language was problematic because, for example, it could be viewed as requiring judges to speculate about undisclosed facts. . . . After *Twombly*, it is no longer sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of [the proscribed] conduct." . . .

\* \* \*

Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and on showing that "the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." . . .

*Phillips*, 515 F.3d at 231-234 (parallel and additional citations omitted). See also *Budinsky v.*

*Pennsylvania Dept. of Envt'l. Res.*, 819 F.2d 418, 421 (3d Cir. 1987) (in making this determination, the district court must construe the pleading in the light most favorable to the non-moving party) and *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (court will accept all factual allegations in complaint as true, but is not compelled to accept "unsupported conclusions and unwarranted inferences" or "a legal conclusion couched as a factual allegation").

Since the Federal Rules of Civil Procedure continue to require notice pleading, not fact pleading, to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

**NaphCare Inc. And Its CEO and Nurses.**

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say at this early stage of the proceedings, that the facts alleged against these defendants do not rise above the speculative level or that they do not support the cause of action alleged in the complaint. The Court will deny their motions to dismiss without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

**Westmoreland County Prison Warden, Officials and Employees.**

The Westmoreland County Prison is a sub-unit of defendant Westmoreland County, not an independent legal entity, and as such, is not a proper party to this lawsuit. *Smith v. Gerard L.*

5

*Gormley Justice Facility*, 2007 WL 842046 (D.N.J. 2007) (claims asserted against the Gerard L. Gormley Justice Facility are subject to dismissal because jail facilities are not "persons" for purposes of section 1983 liability), citing *Grabow v. Southern State Correctional Facility*, 726 F.Supp. 537, 538-39 (D.N.J. 1989); *Nicholson v. Lenczewski*, 356 F.Supp. 2d 157 (D.Conn. 2005) (because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983); *Pahle v. Colebrookdale Tp.*, 227 F.Supp. 2d 361 (E.D. Pa. 2002) (police departments cannot be sued in conjunction with municipalities, because the police departments are merely administrative agencies of the municipalities -- not separate judicial entities); *Irvin v. Borough of Darby*, 937 F.Supp. 446 (E.D.Pa. 1996) (police departments cannot be sued in conjunction with municipality in section 1983 actions since police department is merely arm of local municipality); *PBA Local No. 38 v. Woodbridge Police Dept.*, 832 F.Supp. 808 (D.N.J. 1993) (municipal police department was not "person" for purposes of section 1983 action).

Similarly, civil rights claims against Warden Walton and defendants Cmar, Planey and Biller, all officers and employees of Westmoreland County Prison, *in their official capacities* may be dismissed because Westmoreland County is the real party defendant in interest. While actions brought against a government official *in his or her individual or personal capacity* seek to impose liability on the government official for actions taken under color of state law, official capacity actions represent another way to sue the municipality of which the officer is an agent. See, e.g., *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988) (personal capacity damage suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law, whereas official capacity suits are duplicative of the claims

against the municipality and "generally represent only another way of pleading an action against an entity of which an officer is an agent . . ."), citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 n. 55 (1978); *Brice v. City of York*, 528 F.Supp. 2d 504, 516 n. 19 (M.D.Pa. 2007) (claims against state officials in their official capacities merge as a matter of law with the municipality that employs them), citing, *inter alia, Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brown v. Montgomery County*, 2005 WL 1283577 at *4 (E.D.Pa. 2005), citing *Kentucky v. Graham*, 473 U.S. at 166; *Mitros v. Borough of Glenolden*, 170 F.Supp.2d 504, 506 (E.D.Pa. 2001) (suits brought against government officials in their official capacities are treated as suits brought against the governmental unit of which they are officials), citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985).

The claims against Westmoreland County Prison Warden Walton and defendants Cmar, Planney and Biller *in their official capacities* will, therefore, be dismissed. However, the Court will grant leave for plaintiff to file an amended complaint naming Westmoreland County as the proper official capacity defendant.

The claims against Westmoreland County Warden Walton and defendants Cmar, Planney and Biller *in their individual or personal capacities* will also be dismissed, but without prejudice. Plaintiff's complaint is deficient with regard to specific actions allegedly taken by the individual officers and employees under color of state law that might expose them to liability for violating plaintiff's civil rights. However, plaintiff may be able to cure that deficiency in an amended complaint.

For the foregoing reasons, the motions to dismiss will be disposed of as follows:

**AND NOW,** this 30th day of June, 2010, **IT IS HEREBY ORDERED** that:

1. The NaphCare defendants' motions to dismiss at docs. nos. 19, 20 and 21 are **DENIED** without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

2. The Westmoreland County Prison Warden, officers and employees' motion to dismiss at doc. no. 23 is **GRANTED** with prejudice with regard to plaintiff's claims made in these defendants' official capacities; and is **GRANTED** without prejudice to plaintiff's filing an Amended Complaint naming Westmoreland County as a defendant and alleging additional facts against these defendants in their individual and personal capacities with regard to the actions allegedly taken by the individual officers and employees under color of state law that plaintiff claims violated his civil rights.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint shall be filed on or before **July 28, 2010.** Defendants shall file their respective Answers or Motions to Dismiss on or before **August 11, 2010.**

                              **SO ORDERED**.

                              s/ Arthur J. Schwab
                              Arthur J. Schwab
                              United States District Judge

cc:
Thomas J. Pennavaria
PRO SE

All ECF registered counsel