IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS J. PENNAVARIA,
       Plaintiff,

    v.

JOHN R. WALTON, Warden,
Westmoreland County Prison, in his
official and individual capacity;

STEVE CMAR, Deputy of Security,
Westmoreland County Prison, in his
official and individual capacity;

SGT. RICHARD PLANEY,
Westmoreland County Prison, in his
official and individual capacity;

ROBERT BILLER, Correctional Officer,
Westmoreland County Prison,
in his official and individual capacity;

NAPHCARE, INC., Healthcare Provider
to Westmoreland County Prison;

LEE HARRISON, Chief Executive
Officer, NaphCare, Inc., in his official and
individual capacity;

WILLIAM NICHOLSON, Registered
Nurse, Director of Medical Dept. for
NaphCare, Inc., at Westmoreland
County Prison, in his official and
individual capacity;

LINDA RIGGIN, LPN, for NaphCare, Inc.,
at Westmoreland County Prison, in her
official and individual capacity;

RHONDA GASKILL, LPN, for NaphCare,
Inc., at Westmoreland County Prison, in
her official and individual capacity,

10-cv-0415
**ELECTRONICALLY FILED**

## MEMORANDUM AND ORDER OF COURT

Plaintiff Thomas J. Pennavaria, pro se, filed a Complaint (doc. no. 3) pursuant to 42 U.S.C. § 1983, alleging that the defendants all engaged in cruel and unusual punishment and deliberate indifference to his medical needs while he was incarcerated at the Westmoreland County Prison, in violation of the Eighth Amendment. After careful consideration of several motions to dismiss the complaint and briefs in support, plaintiff's memorandum of law in opposition, and after discussion on the record in open court at the Initial Case Management Conference on June 28, 2010, the Court entered a Memorandum And Order (doc. no. 38) denying the motion to dismiss NaphCare, Inc., its CEO and its nurses, but granted the motions to dismiss the claims against the Westmoreland County Prison and its Warden, officers and employees, without prejudice to plaintiff filing an Amended Complaint against Westmoreland County and these individuals.

Initially, the Court dismissed the claims against the Westmoreland County Prison because, as a sub-unit of defendant Westmoreland County, the Prison is not an independent legal entity and is not a proper party to this lawsuit. Memorandum Opinion and Order (doc. no. 38), at 5-6 (citing, inter alia, *Smith v. Gerard L. Gormley Justice Facility*, 2007 WL 842046 (D.N.J. 2007) and *Grabow v. Southern State Correctional Facility*, 726 F.Supp. 537, 538-39 (D.N.J. 1989). Similarly, the Court dismissed the civil rights claims against Westmoreland County Prison Warden John Walton and against Steve Cmar, Richard Planey and Robert Biller, who are all officers and/or employees of Westmoreland County Prison, *in their official capacities,* because Westmoreland County is the real party defendant in interest. While actions brought against a government official

2

*in his or her individual or personal capacity* seek to impose liability on the government official for actions taken under color of state law, official capacity actions represent another way to sue the municipality of which the officer or employee is an agent. *Id.* At 6, (citing, inter alia, *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988) and *Brice v. City of York*, 528 F.Supp. 2d 504, 516 n. 19 (M.D.Pa. 2007).

Thus, the Court dismissed the claims against the Prison and the official capacity claims against Warden Walton and Cmar, Planney and Biller, but granted leave for plaintiff to file an amended complaint naming Westmoreland County as the proper official capacity defendant. The Court also dismissed the claims against Westmoreland County Warden Walton and defendants Cmar, Planney and Biller *in their individual or personal capacities*, but without prejudice to plaintiff to file an amended complaint stating specific actions allegedly taken by the individual officers and employees under color of state law that might expose them to liability for violating plaintiff's civil rights.

On July 27, 2010, plaintiff filed an Amended Complaint seeking to cure the deficiencies in his complaint against these defendants. Plaintiff's Amended Complaint (doc. no. 42) names "Westmoreland County as a Defendant and alleg[es] additional facts against The Westmoreland County Warden, officers and employees in their individual and personal capacities with regard to the actions allegedly taken by the individual officers and employees under color of state law that violated Plaintiff's civil rights." *Id.* At 1.   Westmoreland County, Warden Walton and the other named officers and employees of the Prison have filed a motion to dismiss the amended complaint with brief in support (docs. no. 53, 54), and plaintiff has filed a responsive brief in opposition thereto (doc. no. 57).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.   *Armstrong Surgical Ctr., Inc. v. Armstrong County Mem'l Hosp.*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). See also *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (*Twombly*'s "plausibility" paradigm for evaluating the sufficiency of complaints is not restricted to the antitrust context but is equally applicable in context of civil rights actions and Rule 12(b)(6) review in general), cited with approval in *Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) ("Today, we extend our holding in *Phillips* to the employment discrimination context. The plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination."); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162 (3d Cir. 2008) (*Twombly* paradigm applies in context of breach of contract, negligence, and equitable indemnification action against merchant and against affiliate of bank that processed credit card transactions).

As explained and clarified by the United States Court of Appeals for the Third Circuit in the *Phillips* case:

> In determining how *Twombly* has changed [the Rule 12(b)(6)] standard, we start with what *Twombly* expressly leaves intact. The Supreme Court reaffirmed that Fed.R.Civ.P. 8 " 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests,' " and that this standard does not require "detailed factual allegations." *Twombly*, 127 S.Ct. at 1964 (quoting *Conley* [*v. Gibson*, 355 U.S. 31, 47 (1957)]. The Supreme Court also reaffirmed that, on a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. See *id.* at 1964-65, 1969 n. 8. The Supreme Court did not address the point about drawing reasonable inferences in favor of the plaintiff, but we do not read its decision to undermine that principle.

. . .   First, . . . [t]he Court explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 1965 n. 3. Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " *Id.* at 1966. The Court further explained that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 & n. 3.

Second, the Supreme Court disavowed certain language that it had used many times before -- the "no set of facts" language from *Conley*. See *id.* at 1968. It is clear that the "no set of facts" language may no longer be used as part of the Rule 12(b)(6) standard. As the Court instructed, "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. We find that these two aspects of the decision are intended to apply to the Rule 12(b)(6) standard in general.   . . .

. . .   [T]he *Twombly* decision focuses our attention on the "context" of the required short, plain statement. Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. Indeed . . . , we understand the Court to instruct that a situation may arise

where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8. . . . Put another way, in light of *Twombly*, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. See *Twombly*, 127 S.Ct. at 1965 n. 3.

. . . The second important concept we take from the *Twombly* opinion is the rejection of *Conley*'s "no set of facts" language. The *Conley* language was problematic because, for example, it could be viewed as requiring judges to speculate about undisclosed facts. . . . After *Twombly*, it is no longer sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of [the proscribed] conduct." . . .

*     *     *

Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and on showing that "the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." . . .

*Phillips*, 515 F.3d at 231-234 (parallel and additional citations omitted). See also *Budinsky v. Pennsylvania Dept. of Envt'l. Res.*, 819 F.2d 418, 421 (3d Cir. 1987) (in making this determination, the district court must construe the pleading in the light most favorable to the non-moving party) and *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (court will accept all factual allegations in complaint as true, but is not

compelled to accept "unsupported conclusions and unwarranted inferences" or "a legal conclusion couched as a factual allegation").

Since the Federal Rules of Civil Procedure continue to require notice pleading, not fact pleading, to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.   If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Additionally, courts have an obligation to construe the pleadings of pro se litigants liberally. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). See also *Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2005) (internal quotations omitted) ("we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstance of incarceration," although pro se litigants remain bound by the Federal Rules of Civil Procedure, this Court's Practices and Procedures, the Local Rules of Court for the Western District of Pennsylvania, and Orders issued by this Court).

Viewed in light of the foregoing standards, the Court cannot say, at this stage of the proceedings, that the averments of plaintiff's Amended Complaint, and all reasonable inferences arising therefrom in his favor, are speculative or fail to state a plausible claim for relief. While the Amended Complaint (which clearly is a supplement to the initial complaint, and not an entirely new "stand alone" complaint) is not overly specific, the

Court finds that it raises sufficient facts to state a non-frivolous claim and to place the Westmoreland County defendants on notice as to the factual basis of plaintiff's complaint. Whether plaintiff can sustain his burden at the summary judgment stage following discovery is another matter for another day. Accordingly,

**AND NOW,** this 4th day of November, 2010, **IT IS HEREBY ORDERED** that the Motion to Dismiss the Amended Complaint (doc. no. 53) by Westmoreland County, Westmoreland County Prison Warden Walton, and the other officers and employees of the Prison is DENIED without prejudice.

**SO ORDERED**.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:
Thomas J. Pennavaria, Pro Se

All ECF registered counsel